Macdonald, D. Lloyd, J.
Before the Court is the motion of the defendant seeking the disclosure of the informant who introduced the defendant to the undercover police officer to whom the defendant sold cocaine on seven occasions. The motion is DENIED for the following reasons.
1.The controlling principles of law with regard to when the Commonwealth must disclose the identify of a confidential informant have recently been reaffirmed by the SJC in Commonwealth v. Madigan, 449 Mass. 702 (2007) (Marshall, C.J.):
The government’s privilege not to disclose the identity of an informant has long been recognized in this Commonwealth . . . “The privilege, which is not absolute, should be respected as far as reasonably possible consistent with fairness to a defendant.” The cases that have required disclosure “have all done so on a standard of materiality or something roughly akin thereto.” As to materiality, we have said that the “proper inquiry” concerns “whether disclosure would have provided material evidence needed by the defendant for a fair presentation of his case to the juiy.” [A defense of entrapment where the theory is that the government’s informant induced the defendant’s crime] can be a sufficient basis requiring disclosure. “The threshold for a defendant to raise the entrapment issue is low . . .” “The inquiry is whether there is any evidence sufficient to raise the defense, even if the evidence is unsubstantial and even if the evidence comes solely from the defendant’s testimony.” [However,] “(m]ere evidence of solicitation is not enough to show inducement, but little more than solicitation is required to raise the issue.” The types of conduct that possess the indicia of inducement include “aggressive persuasion, coercive encouragement, lengthy negotiations, pleading or arguing with the defendant, repeated or persistent solicitation, persuasion, importuning, and playing on sympathy or other emotion.”
Id. at 705-08 (internal citations omitted).
2. The defendant here submitted an affidavit that described that the defendant had been introduced to the undercover police officer by a former co-worker of the defendant’s that he knew only by the name of “Eugene.” The defendant knew that Eugene had a pending drug case in the Superior Court. Eugene “insist[ed]” that he meet the officer “even though [he, the defendant] was reluctant to do so.” He “only agreed to meet with the undercover officer because Eugene kept persisting.” The defendant stated, “I was not a drug dealer but rather a drug user ... a drug addict.” Eugene was allegedly present at the original meeting with the undercover officer and “insisted that [they] do business together.” The defendant stated that he “would not have engaged in any transactions with the undercover officer if Eugene was not present and insisting that 1 hook him up.’ ’’ “The undercover officer had [him] arrange to get him small amounts of drugs on six occasions before insisting that I come up with two ounces.” He “was not able to come up with two ounces, but [the undercover officer] kept insisting that I do so, so I added Inositol, a cutting agent, to the small amount of drugs I was able to obtain so as to satisfy the undercover officer.”
3. At oral argument on the motion, counsel for the defendant informed the Court that the defendant and Eugene had worked together at a Dunkin’ Donuts shop.
4. The defendant’s showing is insufficient to overcome the policy interests underlying the Commonwealth’s privilege to maintain the confidentiality of its informants consistent with the Madigan principles. The defendant knows the person who allegedly induced him to commit the crimes underlying the indictment. If the defendant does not know his full name and current address, he can presumably obtain the information from their former employer, Dunkin’ Donuts, through the subpoena power available to the defendant via Rule 17(a)(2) of the Criminal Rules. Further, while the defendant’s affidavit alleges that “Eugene” “insisted” on his doing business with the undercover officer, Eugene was only present “at the *448 original meeting.” More to the point, it is apparent from the defendant’s affidavit that it was the undercover agent who was allegedly the one who was instrumental in precipitating the narcotic sales that actually underlie the charges. As noted above, the defendant stated, “The undercover officer had me arrange to get him small amounts of drugs on six occasions before insisting that I come up with two ounces ... I added Inositol, a cutting agent to the small amount of drugs I was able to obtain so as to satisfy the undercover officer.” (Emphasis added.) The officer, who is no longer undercover, is a known witness; thus, there is no need for disclosure. Finally, on the “predisposition” element of the potential entrapment defense, Madigan, 449 Mass. at 707, the defendant acknowledges that he is an addict and that he “knew people who had access to drugs.” While he claims that he “was not a drug dealer,” the Court chooses not to turn a blind eye to the reality of the street narcotics scene as to which testimony is regularly presented to the Court. The scene is one where there is seldom a fine line between users and low level distributors. Instead, users commonly push drugs themselves as a means to sustain their habits or otherwise make money. Accordingly, it is difficult for the Court to draw the inference sought by the defendant that but for the defendant’s having been importuned by the informant at the outset of his relationship with the undercover officer, the defendant would not have dealt the alleged cocaine.
5. On the basis of the totality of the evidence before the Court, “disclosure [of the confidential informant] would [not] provide! ] material evidence needed by the defendant for a fair presentation of his case.” Madigan, 449 Mass. at 706, quoting Commonwealth v. Lugo, 406 Mass. 565, 574 (1990).
ORDER
The defendant’s Motion for Disclosure of Confidential Informant is DENIED.